## CRAWFORD v. RYALS.

1. Denial of a nonsuit was not error; and the evidence was sufficient to authorize the verdict.
2. On the trial of a suit in a city court for damages from the killing of a cow and calf, the plaintiff having stated that he would not insist on damages for the killing of the calf, the defendant moved to dismiss the action because the plaintiff's claim was thus reduced to an amount under the jurisdiction of the court; whereupon the plaintiff, before any judgment was rendered on the motion, said he would insist upon damages for the killing of the calf. *Held*, not error then to overrule the motion.

December 20, 1890.

Nonsuit. Damages. Practice. Before Judge ATTA-WAY. City court of Cartersville. June term, 1890.

The action was for thrice the value of a cow worth $30 and a calf worth $10, alleged to have been killed by Crawford and Hicks within an enclosure not enclosed by a lawful fence. The evidence for the plaintiff tended to show that the cattle were worth the amounts mentioned; that he found them dead in Crawford's field; that the cow had been shot and died of the wound, but it did not appear what killed the calf; that about three weeks before the killing, Crawford told Hicks, his employee, to get a gun and shoot the plaintiff's cows in his field, but Hicks did not do so; and that Crawford's fence was not a lawful fence. Crawford testified (after the motion for a nonsuit was overruled) that he did not kill the calf and did not know how it died, but he shot the cow because the plaintiff had told him to do it; that the cow was worth about $10 and the calf about $5; that they had been in the field several times, and on one occasion he took them and kept them in his lot several days and notified the plaintiff to come and get them; that he told plaintiff how annoying they had been, and plaintiff said they were mischievous and he had no place to keep them and could not control them, and that if they got into the field again, to kill them.

The plaintiff denied that he so said. Hicks and another witness corroborated Crawford. The jury found for the plaintiff $60. For the rest of the report see the opinion.

M. R. STANSELL, for plaintiff in error.

J. A. BAKER, *contra.*

BLANDFORD, Justice.

This was an action brought in the city court of Cartersville by Ryals against Crawford and Hicks to recover damages for the killing of a cow and calf, which damages were alleged to be $120.00. The plaintiff recovered a verdict in the court below against Crawford, who made a motion for a new trial upon the following grounds: (1) Error in refusing to nonsuit; (2) verdict contrary to evidence, etc.; (3) error in refusing the motion to dismiss the action. The court overruled the motion for a new trial, and Crawford excepted.

We think there was no error in refusing to nonsuit the case, as we think the evidence was sufficient to authorize the case being submitted to a jury. Nor do we think the verdict was contrary to the law or the evidence; we find the evidence was sufficient to author- ize the jury to find as they did in this case.

The plaintiff having stated that he would not insist upon a verdict for damages for the killing of the calf, the defendant in the court below moved to dismiss the action because it reduced the claim of the plaintiff to under $100, and according to the law organizing the city court of Cartersville, that court did not have jurisdiction of any amount under $100. Thereupon the plaintiff, before any judgment was rendered by the court on the motion to dismiss, said he would insist upon damages for the killing of the calf. The court then overruled the motion to dismiss, and this ruling is complained of. We think the court very properly over-

ruled the motion, and committed no error in so doing. And in looking upon the whole case, we discover no error committed on the part of the court below ; and the judgment overruling the motion for a new trial is therefore

*Affirmed.*